BEFORE THE SECOND DIVISION, JANUARY 4, 1961

**No. 65012.**—Arnold, Schwinn & Co. *v.* United States, protest 59/15639–10765 (Chicago).

LAWRENCE, Judge: Plaintiff filed the above-enumerated protest against the liquidation by the collector of customs of an item of merchandise consisting of bicycle pedals, which were classified as parts of bicycles in paragraph 371 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 371), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and assessed with duty at the rate of 30 per centum ad valorem.

The gravamen of plaintiff's protest is that neither the consignee, agent, nor his attorney was given notice of appraisement, as required by law (section 501 of the Tariff Act of 1930 (19 U.S.C. § 1501), as amended by Public Law 773 of the 80th Congress), and that the liquidation of the controverted item of merchandise was void.

The parties hereto have submitted this case for decision upon a stipulation of fact wherein it has been agreed:

1. That the merchandise included in Invoice No. 2404 of September 22, 1956 issued by Union Sills & Van de Loo, Frondenberg, Ruhr, English Zone, Germany, in this protest, consisting of 100 cases of bicycle pedals No. 351, was appraised by the Appraiser at the entered value;

2. That the entered value of Invoice No. 2404 is invoice unit value, net, packed;

3. That the Collector's liquidation was erroneously based on invoice unit value plus 13% net, packed;

4. That the correct dutiable value of said bicycle pedals No. 351 is invoice value, net, packed;

5. That no notice of appraisement was given to the consignee, its agent, or its attorney with respect to the merchandise included in said Invoice No. 2404;

6. That this liquidation be declared void and that the entry should be returned to the Collector for liquidation based on the correct dutiable value.

Upon the facts before the court, we hold that the final appraised value of the bicycle pedals No. 351 on invoice No. 2404 covered by the entry accompanying the protest herein, as that value is defined in section 503 of the Tariff Act of 1930 (19 U.S.C. § 1503), as amended by the Customs Simplification Act of 1953, 88 Treas. Dec. 186, T.D. 53318, is the invoice unit value, net, packed, and that, therefore, the collector of customs erroneously liquidated said merchandise on the basis of invoice unit value, plus 13 percent net, packed.

Judgment will issue accordingly.